UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUSTIN CREDICO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-00931-JRS-TAB |
| | ) |
| UNKNOWN MEDICAL STAFF OF | ) |
| HAMILTON COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

**INTERESTED PARTY HAMILTON COUNTY SHERIFF'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO COMPEL**

Interested Party, Hamilton County Sheriff, by counsel, responds in opposition to the Plaintiff's renewed motion to compel. As with Plaintiff's prior motion [Dkt. 25], Plaintiff's renewed motion should be denied on both procedural and substantive grounds.

1. Procedurally, Plaintiff again failed to follow this Court's Local Rules for discovery disputes. *Compare* [Dkt. 29] (denying Plaintiff's previous motion to compel and noting that he failed to include a certification that he, in good faith, conferred or attempted to confer regarding discovery) (*citing* Fed. R. Civ. P. 37(a)). Likewise, Southern District of Indiana Local Rule 37-1 requires parties to attempt to resolve a discovery dispute informally before getting the Court involved. *See generally* S.D. Ind. 37-1(a). The rule provides clear guidance on what parties must do before running to a judge and crying foul. *Id.*

2. Specifically, L.R. 37-1 says before "involving the court in any discovery

dispute, including disputes involving depositions, the parties must confer in a good-faith attempt to resolve the dispute." S.D. Ind. L.R. 37-1(a).

3. It continues that "[i]f any such dispute cannot be resolved in this manner, one or both parties shall contact the chambers of the Magistrate Judge to determine whether the Magistrate Judge is available to resolve the discovery dispute by way of a telephone conference or other proceedings before a party filing a formal discovery motion." *Id.*

4. Only if "the discovery dispute is not resolved at the conference [may a] party file a motion to compel or other motion raising the dispute." *Id.*

5. Parties must follow a district court's local rules. See *Hinterberger v. City of Indianapolis,* 966 F.3d 523, 527-28 (7th Cir. 2020). As S.D. Ind. L.R. 37-1 confirms, this Rule applies equally to *pro se* parties too. Plaintiff's renewed motion to compel does not indicate he made "good-faith attempt" to resolve any discovery dispute. Nor could it, because he never did. The Court should therefore summarily deny his motion on this basis alone.

6. But more to the point, there is no discovery dispute—HCSO already responded to Plaintiff's requests. *Compare* [Dkts. 27 and 29]. There is nothing else to be done. HCSO has nothing left to provide Plaintiff at this time.

7. To the extent Plaintiff seeks information from Comprehensive Correctional Care, that too appears to already have been provided to him in the form of a July 25, 2025 email from 3C's counsel, responding to Plaintiff's subpoena:



8. Plaintiff's motion to compel should therefore be denied.

                Respectfully submitted,

                **HAMILTON COUNTY LEGAL DEPARTMENT**

By:    */s/ Adam S. Willfond*
        Adam S. Willfond, 31565-49
        Assistant County Attorney
        One Hamilton County Square, Suite 306
        Noblesville, IN 46060 | 317.776.8487
        adam.willfond@hamiltoncounty.in.gov

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically using the Case Management/Electronic Case Files ("CM/ECF") system and served on the following person via email on August 4, 2025:

Justin Credico
Jmc31337@gmail.com

                                              By:  */s/ Adam S. Willfond*
                                                        Adam S. Willfond, 31565-49