IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF

INDIANA

---

| | | |
|---|---|---|
| JUSTIN CREDICO | ) | CAUSE NO: 1:24-cv-00931-JRS-TAB |
| | ) | |
| v. | ) | 3RD AMENDED COMPLAINT |
| 1) COMPREHENSIVE | ) | for 1983 claims over: |
| CORRECTIVE CARE | ) | 1) 1915(g) Pain Suffering Injuries |
| for HAMILTON COUNTY, | ) | 2) 8th Amendment Deliberate Indifference |
| 2) HAMILTON COUNTY | ) | 3) State Tort NEID |
| | ) | 4) State Tort IIED |

> **FILED**
>
> **08/24/2025**
>
> **U.S. DISTRICT COURT**
> **SOUTHERN DISTRICT OF INDIANA**
> **Kristine L. Seufert, Clerk**

---

PLAINTIFF'S THIRD AMENDED COMPLAINT

---

I, Justin Credico, a former inmate at Hamilton County Jail, file this third amended complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1367, as directed by the Court's order. I allege that the defendants violated my Eighth Amendment rights through deliberate indifference to my serious medical needs and by subjecting me to improper medical treatment caused unnecessary physical & emotional harm. Also per supplemental jurisdiction I bring state torts for medical malpractice (res ipsa loquitor), NEID and/or IIED.

I have exhausted all administrative remedies through grievances for each claim.

## I. PARTIES

_____

A. Plaintiff

_____

Name: Justin Credico

Address: homeless

Phone: none

Email: jmc31337@gmail.com


B. Defendants

_____

Names:

(a) Comprehensive Correctional Care of Hamilton County Jail

(b) Hamilton County (the municipal entity responsible for jail policies)

Addresses:

(a) 18100 Cumberland Rd, Noblesville, IN 46060 as agents to CCC

(b) 1 Hamilton County Square Suite 157, Noblesville, IN 46060

Phone:

(a) (317) 773-1872

(b) (317) 776-9719

## II. STATEMENT OF FACTS

_____

1. Deliberate Indifference to Medical Needs (Ear Infection)

_____

I was an inmate at Hamilton County Jail from May 2024 to August 2024, during which I suffered violations of my constitutional rights due to deliberate indifference to my serious medical needs and unwanted medical treatment and 1915(g) standardized injuries.

(a) From May 2024 to July 2024, I suffered a serious ear infection causing temporary deafness in my left ear, loss of balance, fever, headaches, and severe pain, obvious to a layperson as confirmed by a staff member's emergency call on July 15, 2024 for purposes of malpractice res ipsa loquitor.

(b) On or about May 10, 2024, I submitted my first medical slip for ear pain, followed by several more slips over the months as indicated per the grievances. CCC" refused to see or treat me, despite ongiong grievances filed in order to show awareness of my condition.

(c) On or about June 14, 2024, on one occasion my name was removed from the doctor's inmate call list, preventing a scheduled visit, due to inadequate training and poor practices allowing any employee of the jail to access and remove/modify inmate scheduled doctor visits. My name being removed was told to me by Sheriff's of the jail after I hit the emergency button, and after they inquired into "CCC" as to why this visit

was cancelled

(d) On or about July 25, 2024, I was then incorrectly called for a boil treatment I did not request, as I had an ear infection. "CCC" mocked my condition during this call-out, further delaying care.

(e) On or about July 10, 2024, "CCC" provided only Tylenol, which did not address an infection, not pain however being in pain I took the as needed otc ibuprofen anyways. During a first ear flush on the same day, "CCC" nurse jammed the flush nozzle into my ear, causing extreme pain and later loss of balance and more inflation, despite ear flush bottle OTC instructions warning against jamming the nozzle into the ear at all

(f) On or about July 15, 2024, I activated the medical emergency button due to severe pain and my loss of balance since I was unable to get out of bed to eat. A jail staff member observed my condition and called for an emergency nurse visit, confirming the severity of my illness.

(g) The delays, refusal to treat, list removal, improper call-out, and inadequate treatment caused temporary hearing loss, chronic pain, and risk of reinfection, placing me in imminent danger of serious physical injury at the time of my original complaint (March 25, 2025).

(h) In the grievances we can see a reply that I wasnt there when a nurse came around at 6:30AM to receive my ibuprofen. However, ibuprofen is OTC and as needed for the pain, since I was not able to get out of bed for breakfast (and had to send my

cellie Nick to get my food,) due to loss of balance from the ear infection, this would not excuse defendants for these claims. Its noted I did take as needed the same ibuprofen that night (as it was once or twice a day as needed until the ear flush was performed)

2. Monell Liability

_____

(a) Hamilton County maintains a policy or custom of inadequate medical care, including under staffing medical personnel and/or failing to train staff to ensure timely treatment, leading to delay to treat my ear infection and the removal of my name from the doctor's call list by failure to properly monitor their outside hired "CCC" people.

(b) "CCC" maintains a policy or custom of inadequate medical care, including failing to timely treat and properly ear flush prior to infection setting in and overall; resulting in refusals, delays, and harm.

(d) These policies caused by the deliberate indifference to medical and mental health, inflicted unnecessary physical and emotional harm.

3. Exhaustion of Administrative Remedies

_____

(a) I exhausted all administrative remedies by filing grievances for:

(1) Nurse refusal to treat my ear infection (May 10, 2024),

(2) treatment delay (May 20, 2024),

(3) call list removal (June 5, 2024),

(4) improper boil call-out (July 7, 2024), and

(5) inadequate treatment (July 12, 2024).

(b) The jail's grievance process requires submitting a digital grievance via the

kiosk system,  and an appeal if denied. I followed this process for each grievance,

submitting via the kiosk. I requested copies of all grievances on or about July 20 and

August 1, 2024, but the jail refused, stating, "We don't provide copies," as documented

in my inmate request slips. These grievances are stored in the jail's digital database,

accessible through discovery per the Court's order of May 8, 2025 (Dkt. [21]).

(see Complaint Attachment: Plaintiff's HCJ Medical Grievances.pdf)


4. Imminent Danger Context

_____

(a) At the time of my original complaint (March 25, 2025), I faced imminent

danger of serious physical injury from the untreated ear infection (causing pain,

temporary hearing loss, and risk of reinfection), which inflicted unnecessary distress.

(b) Although I was released in August 2024, the imminent danger existed at the

time of filing, as recognized in my 1915(g) motion, granted on April 17, 2025.

(c) This satisfied the 1915(g) requirements as evidenced by the IFP grant


## III. CLAIMS FOR RELIEF

_____

All claims arise from the same series of transactions or occurrences—failures in medical and mental health treatment during my incarceration at Hamilton County Jail from May 2024 to July 2024, inflicting unnecessary physical and emotional harm through deliberate indifference—and involve common questions of law (Eighth Amendment deliberate indifference.)

The unnecessary infliction of emotional harm and pain from poor medical treatment mirrors physical harm from medical neglect, and these injuries and claims fell under a continuing three month pattern of deliberate indifference and neglect.

A. Eighth Amendment Violation (Deliberate Indifference by "CCC")

_____

(a) From May 2024 to July 2024, "CCC" refused to treat my ear infection despite four medical slips and two grievances filed on May 10 and 20, 2024, and provided inadequate treatment (Tylenol for ear infection instead of for pain) and performed a harmful ear flush on July 10, 2024, by jamming the nozzle into my ear. And improperly discharged me without stabilizing the inmate for release

(b) Objective Prong: My ear infection, causing temporary deafness, pain, fever, and loss of balance, was a serious medical need obvious to a layperson, as confirmed by a staff member's emergency call on July 15, 2024, recognizing the need for immediate attention.

(c) Subjective Prong: "CCC" knew of my serious medical need through my repeated medical slips and grievances but deliberately disregarded the risk of harm. Refused treatment for a month and removed me from the doctor's call list on June 1, 2024, delaying care. "CCC" provided ineffective Tylenol treatment over an infection and only gave me the tylenol/ibuprofen for pain that became exacerbated due to drawn out refused treatment. "CCC" also performed a harmful ear flush, ignoring over-the-counter instructions, causing pain and hearing loss when they jammed the ear flush nozzle down too far into my ear in their first attempt. Their actions showed reckless indifference to my health.

(d) This deliberate indifference caused temporary hearing loss, chronic pain, and risk of reinfection, violated my Eighth Amendment rights.

B. Eighth Amendment Violation

(Monell Claim Against Hamilton County – Medical Neglect)

_____

(a) Hamilton County's policy or custom of inadequate medical care, including understaffing medical personnel and failing to train staff to ensure timely treatment, caused deliberate indifference to my serious medical needs.

(b) Objective Prong: My ear infection was a serious medical need obvious to a layperson, causing deafness, pain, and balance loss, as evidenced by the emergency nurse call on July 15, 2024, highlighting the need for proper care.

(c) Subjective Prong: Hamilton County knew of the excessive risk posed by its policy of under staffing and inadequate training, as such policies predictably lead to delays and harm, yet disregarded this risk. This refusal to treat me from May to June 2024, my removal from the doctor's call list on June 1, 2024, and inadequate treatment on July 10, 2024, showed deliberate indifference to my health.

(d) This policy-driven deliberate indifference caused temporary hearing loss, chronic pain, and risk of reinfection, violating my Eighth Amendment rights.

C. Eighth Amendment Violation

(Monell Claim Against Unknown Medical Entity)

_____

(a) The Unknown Medical Entity's policy or custom of inadequate medical care, including custom of providing untimely treatment, and causing deliberate indifference to my serious medical needs.

(b) Objective Prong: My ear infection was a serious medical need obvious to a layperson, causing deafness, pain, and balance loss, as confirmed by the emergency call on July 15, 2024, underscoring the need for competent care.

(c) Subjective Prong: "CCC" knew that failing to treat on timely and safe treatment posed an excessive risk of harm, as untrained staff predictably mishandle serious conditions as evidenced by removing unseen patient names without proper discharging and stabilizing caused failure of treatment to go on, yet they disregarded this

risk. This policy of refusal to treat me from May to June 2024, my removal from the doctor's call list on June 1, 2024, and harmful ear flush procedures which were exacerbated by jamming the nozzle too far into the ear, showed deliberate indifference.

(d) This policy-driven deliberate indifference caused pain, temporary hearing loss, and risk of reinfection, violated my Eighth Amendment rights.

D. Medical Malpractice

(State Tort Claim Against "CCC")

_____

(a) "CCC" refusal to timely treat my ear infection from May to June 2024 and the inadequate treatment along with their first attempt resulting in a harmful ear flush on July 10, 2024 (by jamming the nozzle into my ear, breached the standard of care for treating an ear infection,) disregarded the OTC ear flush instructions which warn against such actions.

(b) These actions caused physical harm (pain, temporary hearing loss, risk of reinfection) and emotional distress, constituting medical malpractice under Indiana law.

## IV. RELIEF REQUESTED

_____

I request the following relief:

(a) Compensatory Damages: $100,000 against all defendants for pain, suffering,

emotional distress, temporary hearing loss, and ongoing harm caused by the defendants' actions.

(b) Punitive Damages: $50,000 against "CCC" for their reckless and malicious conduct in refusing and mishandling my medical treatment; $25,000 against the Unknown Sheriff for their reckless and malicious conduct in pursuing an unwarranted mental health commitment. And $10,000 for medical malpractice claim (noted the administrative complaint to Dept of Insurance wasnt filed and state law caps that amount at 10k because of this)

(c) Other Relief: As the Court deems just.


## V. ATTACHMENTS

_____

I have included with the complaint all grievances to these calims fully exhuasted

I also have the below witness (Nick Hardisty)


## VI. WITNESS

_____

I have a witness identified above who can verify:

(a) My treatment for the ear infection was delayed from May 2024 to July 2024.

(b) I suffered severe pain and temporary hearing loss due to the ear infection.

(c) My name was removed from the doctor's call list in June 2024.

(d) "CCC" refused to see me despite my grievances in May 2024.

(e) "CCC" mocked me during the improper boil call-out on July 5, 2024.

(f) A jail staff member observed my pain and called for an emergency nurse visit on July 15, 2024, in the witness's presence.

## VII. SUPPLEMENTAL JURISDICTION

_____

This Court has supplemental jurisdiction over the state tort claim of medical malpractice pursuant to 28 U.S.C. § 1367, as it arises from the same case or controversy as the federal claims under 42 U.S.C. § 1983.

## VIII. DECLARATION

(28 USC 1746)

_____

I hereby declare that all the foregoing is true under penalties of perjury and unsworn falsifications to authority as indicated per the /s/ signature witih the certificate of service

IX. CERTIFICATE OF SERVICE

_____

August 24th, 2025                                                          /s/ Justin Credico

_____                                    _____

DATED                                                                     Justin Credico

Pro Se Plaintiff

jmc31337@gmail.com