IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JUSTIN CREDICO | ) | CAUSE NO: 1:24-cv-00931-JRS-TAB |
| | ) | |
| v. | ) | MOTION TO STRIKE UNINTERESTED |
| 1) COMPREHENSIVE CORRECTIONAL CARE for HAMILTON COUNTY, | ) ) ) | PARTY HAMILTON COUNTY SHERIFF DOCUMENT #40 |
| 2) HAMILTON COUNTY | ) ) | |

**FILED**
**08/27/2025**
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

MOTION TO STRIKE DOCUMENT #40

UNINTERESTED PARTY HAMILTON COUNTY SHERIFFS

I. RELIEF REQUESTED

Plaintiff, Justin Credico, appearing as pro se hereby moves the court for an order striking Uninterested Party (Hamilton County Sheriffs) Document #40 request

## II. ARGUMENT

---

The Hamilton County Sheriffs, as uninterested parties, lack standing to file Document #40, a motion to screen, and have not intervened under Federal Rule of Civil Procedure 24.

The Hamilton County Sheriffs are not named defendants in this Third Amended Complaint and have not intervened under FRCP 24. Their motion is improper and should be struck. And is only being used for unnecessary delay.

The U.S. Supreme Court in Warth v. Seldin, 422 U.S. 490, 498-502 (1975), held that only parties with a concrete interest may participate in litigation, and non-parties must intervene to file motions. In Marino v. Ortiz, 484 U.S. 301, 304 (1988), the Court ruled that non-parties cannot file motions without FRCP 24 intervention, as such filings disrupt litigation. The 7th Circuit in United States v. City of Milwaukee, 144 F.3d 524, 530 (7th Cir. 1998), affirmed that non-parties lacking intervention cannot file motions, and unauthorized filings may be struck. In In re Trans Union Corp. Privacy Litigation, 664 F.3d 1081, 1085-86 (7th Cir. 2011), the court upheld striking a non-party's motion for failure to intervene. In the Southern District of Indiana, In re Caesars Entm't Operating Co., Inc., 2016 WL 7471299, at *3 (S.D. Ind. Bankr. 2016), supports striking non-party filings lacking procedural authorization.

## III. SUPPLEMENTAL JURISDICTION

_____

This Court has supplemental jurisdiction over the state tort claim of medical malpractice pursuant to 28 U.S.C. § 1367, as it arises from the same case or controversy as the federal claims under 42 U.S.C. § 1983.

## IV. DECLARATION

(28 USC 1746)

_____

I hereby declare that all the foregoing is true under penalties of perjury and unsworn falsifications to authority as indicated per the /s/ signature with the certificate of service

## V. CERTIFICATE OF SERVICE

_____

I hereby certify on this 27th day of august that one true copy of the enclosed Motion to Strike Uninterested Party Doc #40 was sent via ECF filing to all parties with entry of appearances

August 27th, 2025                                                      /s/ Justin Credico

_____                                              _____

DATED                                                                      Justin Credico

                                                             Pro Se Plaintiff

                                                             jmc31337@gmail.com