UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JUSTIN CREDICO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00931-JRS-TAB |
| | ) | |
| UNKNOWN MEDICAL STAFF OF HAMILTON COUNTY JAIL, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| HAMILTON COUNTY SHERIFF, | ) | |
| | ) | |
| Interested Party. | ) | |

**ORDER SCREENING FIFTH AMENDED COMPLAINT,
DIRECTING SERVICE OF PROCESS,
AND RESOLVING PENDING MOTIONS**

Plaintiff Justin Credico was a pretrial detainee at the Hamilton County Jail (the Jail) during the times relevant to this case. This action was filed on June 3, 2024. Since then, the Court has issued numerous orders screening complaints, attempting to help the plaintiff identify defendants, and providing other assistance to launch a viable complaint.

The Court dismissed Mr. Credico's first amended complaint because it included unrelated claims against different defendants and because he did not know the names of any defendants. Dkt. 18. Mr. Credico's second amended complaint was stricken on May 8, 2025, because it suffered from many of the same problems as the first amended complaint. Dkt. 23. Other amended complaints were filed on May 12, 2025, dkt. 24, June 4, 2025, dkt. 28, and August 24, 2025, dkt. 39, respectively. The Court will now screen what it discerns to be the *fifth* amended complaint,

filed on August 24, 2025. Dkt. 39. *See Echols v. Craig,* 805 F.3d 807, 811 (7th Cir. 2017) (amended complaints supersede earlier versions); *Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 782 (7th Cir. 2013).

Because the plaintiff was a "prisoner" when he filed this action, this Court must screen the fifth amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. Screening Standard

When screening an amended complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, an amended complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Fifth Amended Complaint

A plaintiff's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The fifth amended complaint names two defendants: 1) Comprehensive Correctional Care for Hamilton County ("CCC") and 2) Hamilton County. Dkt. 39. Mr. Credico seeks compensatory and punitive damages.

From May 2024 to July 2024, Mr. Credico suffered a serious ear infection causing temporary deafness in his left ear, loss of balance, fever, headaches, and severe pain. He requested medical treatment several times but was only provided ibuprofen. CCC staff refused to see or treat him. On one occasion, his name was removed from the doctor's call list, preventing a scheduled visit, due to inadequate training and poor practices allowing access to the doctor's scheduling system. On another occasion, he was called out for a boil treatment, which he did not request, further delaying care. Another time, a nurse jammed a flush nozzle into his ear, causing more pain and loss of balance, despite the instructions warning against jamming the nozzle into the ear.

### III. Discussion of Claims

Mr. Credico alleges that Hamilton County and CCC maintain a policy or custom of inadequate medical care and failure to train staff properly, in violation of his Eighth Amendment rights. He also brings a state law medical malpractice claim against CCC.

Because Mr. Credico was not a convicted prisoner at the time relevant to his claims, the Eighth Amendment does not apply. *See Board v. Farnham,* 394 F.3d 469, 477 (7th Cir. 2005) ("[T]he Eighth Amendment does not apply to pretrial detainees…"). Any Eighth Amendment claim is **dismissed for failure to state a claim upon which relief can be granted.**

Hamilton County is responsible for building and maintaining the jail, but not for the conditions of the jail. *See* Ind. Code § 36-2-13-5(a)(7). This statute places responsibility on the sheriff, not the county, to take care of the inmates. *McColly v. LaPorte Cnty. Jail*, No. 3:24-CV-771-CCB-SJF, 2024 WL 4872353, at *2 (N.D. Ind. Nov. 22, 2024) (citing *Donahue v. St. Joseph Cnty. ex rel. Bd. of Com'rs of St. Joseph Cnty.*, 720 N.E.2d 1236, 1240 (Ind. Ct. App. 1999)). The claim against Hamilton County is **dismissed for failure to state a claim upon which relief can be granted.**

The Fourteenth Amendment deliberate indifference to a serious medical condition claim **shall proceed against CCC** pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The state law medical malpractice claim **shall also proceed against CCC.**

This discussion of claims includes all the viable claims identified by the Court. All other claims are dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through December 15, 2025,** in which to file a motion to reconsider the screening order.

### IV. Conclusion and Service of Process and Pending Motions

The Fourteenth Amendment and medical malpractice claims are proceeding against CCC in this action. All other claims have been dismissed.

The **clerk is directed** to **terminate** Unknown Medical Staff of Hamilton County Jail as a defendant and Hamilton County Sheriff as an interested party on the docket. The **clerk is directed** to **add** Comprehensive Correctional Care for Hamilton County as the defendant on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Comprehensive Correctional Care for Hamilton County in the manner specified by Rule 4(d). Process shall consist of the fifth amended complaint filed on August 24, 2025, dkt. [39], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. The **clerk** shall **modify docket 39** to reflect that it is the fifth amended complaint.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Interested Party Hamilton County Sheriff's motion for screening, dkt. [40], is **granted** consistent with the rulings issued in this Order. Mr. Credico's motion to strike document #40, dkt. [41], is **denied.**

**IT IS SO ORDERED.**

Date: 11/18/2025

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

JUSTIN CREDICO
Unhoused
jmc31337@gmail.com

Adam Scott Willfond
Hamilton County Legal Department
adam.willfond@hamiltoncounty.in.gov

Comprehensive Correctional Care for Hamilton County
18100 Cumberland Rd.
Noblesville, IN 46060

Comprehensive Correctional Care
P. O. Box 735
Benton, KY 42025