UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Indianapolis Division

| | |
|---|---|
| JUSTIN CREDICO, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| vs. | ) CASE NO. 1:24-cv-00931-JRS-TAB |
| | ) |
| COMPREHENSIVE CORRECTIONAL CARE | ) |
| FOR HAMILTON COUNTY, | ) |
| | ) |
| *Defendant*. | ) |

**DEFENDANT COMPREHENSIVE CORRECTIONAL CARE FOR
HAMILTON COUNTY'S ANSWER, AFFIRMATIVE DEFENSES, AND
JURY TRIAL DEMAND TO PLAINTIFF'S FIFTH AMENDED COMPLAINT**

Comes now, Defendant, Comprehensive Correctional Care for Hamilton County ("3C"),

by counsel, for its Answer, Affirmative Defenses, and Jury Trial Demand to Plaintiff Justin

Credico's Fifth Amended Complaint ("Complaint") (Dkt. 39) and states as follows:

**ANSWER**

**I.    PARTIES**

A.    Defendant lacks knowledge or information to form a belief as to the truth of the

allegations contained in Part I(A) of the Complaint and therefore denies the same.

B.    Defendant admits that West Kentucky Correctional Healthcare, LLC, d/b/a

Comprehensive Correctional Care provided medical services to pre-trial detainees and convicted

offenders at Hamilton County Jail during the timeframe alleged in the Complaint. Defendant

denies the allegations concerning its address and phone number. Defendant lacks knowledge or

information to form a belief of the truth of the remaining allegations contained in Part I(B)

concerning Hamilton County, as those allegations relate to a party that has been dismissed from this action.

## II.    STATEMENT OF FACTS

1. <u>Deliberate Indifference to Medical Needs (Ear Infection)</u>

Defendant admits that Plaintiff was an inmate at Hamilton County Jail from May 2024 to August 2024. Defendant denies that Plaintiff suffered violations of his constitutional rights during his stay at Hamilton County Jail.

(a)    Defendant denies the allegations contained in Part II(1)(a) of the Complaint.

(b)    Defendant admits that Plaintiff submitted grievances during his incarceration at Hamilton County Jail. Defendant denies the remaining allegations contained in Part II(1)(b) of the Complaint.

(c)    Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding hitting the emergency button and his conversations with the Sheriff. Defendant denies the remaining allegations contained in Part II(1)(c) of the Complaint.

(d)    Defendant denies the allegations contained in Part II(1)(d) of the Complaint.

(e)    Defendant denies the allegations contained in Part II(1)(e) of the Complaint.

(f)    Defendant lacks knowledge or information to form a belief as to the truth of the allegations contained in Part II(1)(f) of the Complaint.

(g)    Defendant denies the allegations contained in Part II(1)(g) of the Complaint.

(h)    Defendant lacks knowledge or information to form a belief as to the truth of the allegations regarding the reason why Plaintiff missed med pass on an unknown date, his subjective complaints, and actions taken by his cell mate. Defendant denies those allegations that are inconsistent with the Hamilton County Jail medical records for Plaintiff and admits only those

allegations concerning Plaintiff's medical care which are consistent with the Hamilton County Jail medical records. Defendant denies any remaining allegations contained in Part II(1)(h) of the Complaint.

2. *Monell* Liability

(a)    The allegations in Part II(2)(a) concern Hamilton County, a party that has been dismissed from this action, and requires no response. To the extent a response is deemed required, Defendant lacks knowledge or information to form a belief as to the truth of the allegations contained in Part II(2)(a) of the Complaint.

(b)    Defendant denies the allegations contained in Part II(2)(b) of the Complaint.

(c)    Defendant denies the allegations contained in Part II(2)(c) of the Complaint.

3. Exhaustion of Administrative Remedies

(a) In response to Part II(3)(a), including subparts (1) through (5) of the Complaint, Defendant admits that Plaintiff exhausted his administrative remedies with respect to the present claim, albeit untimely and not prior to filing his initial Complaint with this Court.

(b)    Defendant lacks knowledge or information to form a belief as to the truth of the allegations regarding the allegations contained in Part II(3)(b) of the Complaint. However, Defendant admits that Plaintiff exhausted his administrative remedies with respect to the present claim, albeit untimely and not prior to filing his initial Complaint with this Court.

4. Imminent Danger Context

(a)    Defendant denies the allegations contained in Part II(4)(a) of the Complaint.

(b)    Defendant denies the allegations contained in Part II(4)(b) of the Complaint.

(c)      The allegations contained in Part II(4)(c) seek a legal conclusion and thus, require no response. To the extent a response is deemed required, Defendant denies the allegations contained in Part II(4)(c) of the Complaint.

### III.    CLAIMS FOR RELIEF

Defendant denies the general statements made under Part III of the Complaint.

A.  Eighth Amendment Violation (Deliberate Indifference by "CCC")

The Court's November 18, 2025 Order Screening Fifth Amended Complaint (Dkt. 42) dismissed all Eighth Amendment claims for failure to state a claim, finding that the Eighth Amendment does not apply to pretrial detainees. Accordingly, the claims asserted by Plaintiff under Part III(A), inclusive of subparts (1) through (d), have been dismissed and no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Part III(A) of the Complaint.

B.  Eighth Amendment Violation (*Monell* Claim Against Hamilton County – Medical Neglect)

The Court's November 18, 2025 Order Screening Fifth Amended Complaint (Dkt. 42) dismissed Hamilton County from this action. Accordingly, the claims asserted by Plaintiff under Part III(B), inclusive of subparts (a) through (d), have been dismissed and no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Part III(B) of the Complaint.

C.  Eighth Amendment Violation (*Monell* Claim Against Unknown Medical Entity)

The Court's November 18, 2025 Order Screening Fifth Amended Complaint (Dkt. 42) dismissed all Eighth Amendment claims. To the extent this claim is directed at 3C under the Fourteenth Amendment per the Court's Screening Order, Defendant responds as follows:

(a) Defendant denies the allegations contained in Part III(C)(a) of the Complaint.

(b)  Defendant denies the allegations contained in Part III(C)(b) of the Complaint.

(c)  Defendant denies the allegations contained in Part III(C)(c) of the Complaint.

(d)  Defendant denies the allegations contained in Part III(C)(d) of the Complaint.

    D.  <u>Medical Malpractice (State Court Claim Against "CCC")</u>

(a)  Defendant denies the allegations contained in Part III(D)(a) of the Complaint.

(b)  Defendant denies the allegations contained in Part III(D)(b) of the Complaint.

## IV.   RELIEF REQUESTED

Defendant denies that Plaintiff is entitled to any relief whatsoever and specifically denies that Plaintiff is entitled to compensatory damages, punitive damages, or any other relief requested against 3C.

## V.   ATTACHMENTS

Defendant lacks knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's attachments.

## VI.   WITNESS

Defendant lacks knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's witnesses.

## VII.   SUPPLEMENTAL JURISDICTION

Section VII is rhetorical in nature and requires no response. To the extent a response is deemed required, Defendant admits that this Court generally has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

## VIII.   DECLARATION

Section VIII is rhetorical in nature and requires no response.

**WHEREFORE**, Defendant, Comprehensive Correctional Care ("3C"), prays that Plaintiff take nothing by way of his Fifth Amended Complaint, for costs of this action, and for all other just and proper relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant, Comprehensive Correctional Care ("3C"), by counsel, for its Affirmative Defenses to Plaintiff's Fifth Amended Complaint ("Complaint"), states the following:

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff's alleged injuries, if any, were caused in whole or in part, by the Plaintiff's own fault and contributory negligence.

3.      All of Defendant's actions and inactions with respect to the Plaintiff were reasonably justified and for good cause, taken in good faith, and without malice, ill will, reckless indifference, or deliberate indifference and with reasonable grounds to believe that they were not in violation of any state or federal law or constitutional right.

4.      Defendant acted, or failed to act, with the explicit and/or implied consent of the Plaintiff.

5.      Plaintiff's action is frivolous, vexatious, and brought in bad faith entitling Defendant to recover costs and reasonable attorney fees including expert witness fees and expenses in defense of this action.

6.      Plaintiff's damages, if any, are subject to set-offs and/or limitations by any payments Plaintiff received from collateral sources.

7.      To the extent Plaintiff asserts a claim for personal injuries requiring medical treatment, Defendant is entitled to introduce evidence of discounted value of medical expenses.

8.      The Plaintiff failed to mitigate his damages.

9.      Defendant acted reasonably and exercised reasonable care.

10.      The occurrence and resulting losses as alleged by Plaintiff were proximately caused or contributed to by the negligence, acts or omissions, of persons or entities other than the Defendant who are not presently named as parties to this lawsuit. Defendant specifically reserves the right to amend and supplement this defense to identify any non-parties as discovery and investigation proceed.

11.      The loss and damages of which Plaintiff complains were proximately caused by independent and/or intervening causes and not by any negligence, action, or inaction on the part of Defendant.

12.      The Plaintiff incurred and/or assumed the risk of his alleged injuries and damages.

13.      The Plaintiff's alleged injuries and damages are related to physical and/or mental conditions that pre-existed or arose subsequent to the incidents which are the subject of the Complaint, and which are unrelated to Defendant's alleged conduct.

14.      All or a portion of the damages including punitive damages as alleged are unrecoverable on the facts and circumstances of this case.

15.      To the extent the Defendant is a qualified health care providers under the Indiana Medical Malpractice Act with respect to the claims alleged, it is entitled to all rights, privileges, limitations, caps on damage awards, defenses, and immunities provided therein.

16.      Plaintiff did not suffer from an objectively serious medical condition.

17.      Plaintiff suffered no harm because of any action or inaction on the part of the Defendant.

18.      The conduct of the Defendant was not objectively unreasonable, extreme, outrageous or with deliberate indifference.

19.     The conduct of the Defendant did not constitute unnecessary or wanton infliction of pain to the Plaintiff.

20.     With respect to Plaintiff's state law medical malpractice claim, the fault of Plaintiff was greater than fifty percent (50%) of the fault of all those against whom fault can be attributed and Plaintiff is therefore barred from recovery.

21.     The Plaintiff's recovery against Defendant for damages, if any, should be reduced proportionally by the percentage of any comparative fault assigned to Plaintiff or to any other non-party.

22.     Defendant is entitled to introduce evidence of discounted value of medical expenses pursuant to *Stanley v. Walker*, 906 N.E.2d 852, 855 (Ind. 2009).

23.     To the extent that any material allegation against the Defendant contained in the Plaintiff's Complaint is deemed to have been not properly responded to, the same is hereby denied.

24.     Defendant reserves the right to assert additional defenses as Plaintiff's claims are clarified during this litigation and such defenses become known through investigation and discovery.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

DREWRY SIMMONS VORNEHM, LLP

*/s/ Melanie A. Kalmbach*
Melanie A. Kalmbach, Attorney No. 34800-49
Katherine L. Bingaman, Attorney No. 38784-79
DREWRY SIMMONS VORNEHM, LLP
736 Hanover Place, Ste 200
Carmel, IN 46032
Ph: (317) 580-4848
Fax: (317) 580-4855
mkalmbach@dsvlaw.com
kbingaman@dsvlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 14, 2026 a true and complete copy of the foregoing document was filed electronically via the Court's ECF system and I further certify that on January 14, 2026, the foregoing document was mailed, by United States Postal Service, first class postage prepaid, to the following non-CM/ECF Plaintiff:

Justin Credico
Jmc31337@gmail.com
*Pro Se Plaintiff*

*/s/ Melanie A. Kalmbach*_____
Melanie A. Kalmbach